# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Taj Al Rajaa Company | ) ASBCA No. 58766 |
| | ) |
| Under Contract No. W91GET-08-M-0262 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Baha'a Lafta Hassan
Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Tyler L. Davidson, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE JAMES ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Appellant filed this appeal on 10 July 2013. After the pleadings were filed, the Board's 17 October 2013 Order directed the parties to advise the Board within 30 days how they wished to proceed to adjudicate this appeal.[1] On 27 October 2013 appellant elected a Rule 11 submission, and on 18 November 2013 the government elected an oral hearing.

By Order dated 22 November 2013, the Board advised appellant that the Board would hold a hearing since one of the parties (the government) had requested one and appellant could still submit its appeal on the written record, or it could withdraw its election to submit the appeal on the written record and attend the hearing. The Board advised appellant that the Board was amenable to considering holding the hearing overseas or by electronic means. The parties were given until 13 December 2013 to change their responses to the Board's 17 October Order. On 13 December 2013, the government advised that it did not desire to change its election. Appellant did not respond to the Order.

By Order dated 20 December 2013, the parties were ordered to propose hearing dates and a location and a schedule for discovery. By email dated 4 January 2014, appellant repeated its desire to submit the appeal on the record and objected to the government's request for a hearing. By Order dated 8 January 2014, the Board referred appellant to the Board's 22 November 2013 Order. By email dated

---

[1] All communications with appellant are by email due to the lack of a functioning mail system in Baghdad, Iraq.

17 January 2014, the government proposed hearing dates and a discovery schedule without input from appellant because counsel had not received a response from appellant regarding his inquiries.

On 28 January 2014 the assigned administrative judge unsuccessfully attempted to arrange a conference call with the parties, but appellant could not be contacted. On 24 February 2014 the Board issued a provisional schedule which ordered the parties to complete discovery by 28 March 2014 or to request an extension of that deadline by 14 March 2014.

On 28 February 2014 the government notified appellant of the deposition of its "corporate representative" and of Mr. Baha'a Lafta Hassan on 14 March 2014 at the Army office at Fort Belvoir, afforded appellant the opportunity to propose an alternate date and location for the deposition, and sent appellant the "Government's First Request for Production of Documents" (exs. G-3 to -5).

On 5 March 2014 appellant requested the government to cancel the scheduled depositions, but did not propose alternate dates or locations. The government's 5 March 2014 reply to appellant stated: "While the Government is certainly willing to work with you regarding the date, time and location of the depositions, until you propose alternate dates, time and locations, the Government intends to take the depositions as stated in the Notice of Deposition...." (Ex. G-6 at 1-2) To date appellant has not replied to the foregoing correspondence and has not appeared for any deposition. The government's 14 March 2014 letter to the Board requested an extension in the date for completing discovery, and on 18 March 2014 proposed an updated schedule of litigation action dates.

The Board's 19 March 2014 Revised Provisional Schedule ordered the parties to complete discovery by 23 May 2014 or by 25 April 2014 to show good cause for an extension of the 23 May 2014 date. Respondent's 19 March 2014 letter to appellant stated the government's intention to take the depositions and noted appellant's failure to produce documents. Appellant did not request by 25 April 2014 an extension of the date to conclude discovery.

The government moved to compel discovery on 15 April 2014, sending the motion to appellant's email address. The Board's 28 April 2014 letter ordered appellant to reply to that motion by 9 May 2014. The Board's 22 May 2014 letter to appellant stated that its reply to our 28 April 2014 Order was overdue and that if appellant did not submit a reply to the motion by 27 May 2014, it would risk a Board decision on the government's motion alone. Appellant did not respond to either the 28 April or the 22 May 2014 Board Order.

2

The Board's 11 June 2014 Order granted respondent's motion, directed the parties "promptly to resume depositions," ordered appellant to produce the documents specified by the government and stated: "Appellant appears to believe that because it has elected a Board Rule 11 record only procedure, it has no obligation to present company representatives for deposition and to produc[e] company documents for government discovery. Appellant is mistaken. It has such obligations." The 11 June 2014 Order warned appellant that "[f]ailure to comply with Board orders may result in the imposition of sanctions under Board Rule 35," including dismissal of the appeal.

On 11 June 2014 the government reminded appellant of the shipping address for documents produced and asked about appellant's preferred method and availability for depositions (ex. G-8). To date appellant has not responded to the government's discovery requests.

On 16 July 2014 respondent moved to dismiss this appeal for appellant's failure to prosecute under Board Rule 31 (renumbered Rule 17 on 21 July 2014), and sent a copy of the motion to appellant. The Board's 29 July 2014 letter ordered appellant to respond to the government motion by 28 August 2014. Appellant has not replied to the government's motion to dismiss.

The Board's 16 October 2014 letter ordered appellant within 21 days from the date of such order to show cause why this appeal should not be dismissed, and informed appellant that if it did not comply by such date, the Board might dismiss the appeal with prejudice under Board Rule 17 (formerly Rule 31) for failure to prosecute without further notice to the parties. Appellant's reply was due 6 November 2014. To date no response has been received by the Board.

In summary, appellant has not communicated with the Army or with the Board since 5 March 2014. Since 20 December 2013 appellant has failed to reply to the government's discovery inquiries and has not responded to six Board Orders.

As revised on 21 July 2014, Board Rule 17 provides in pertinent part:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed with prejudice for failure to prosecute.... If good cause is not shown, the Board may take appropriate action.

3

Accordingly, we grant respondent's motion and dismiss this appeal with prejudice under Board Rule 17 for failure to prosecute.

Dated: 8 December 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 58766, Appeal of Taj Al Rajaa Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4